1 of 1

Case 1:15-cv-00992-KBM-LF   Document 1-2   Filed 11/03/15   Page 1 of 12

Skip to Main Content  Logout  My Account  Search Menu  New Civil Probate Family Search  Refine Search  Back         Location : Bernalillo County  Images  Help

# REGISTER OF ACTIONS
## CASE NO. D-202-CV-2015-07476

| | | |
|---|---|---|
| Joseph Telles, Sr., et al., v. MetLife Auto & Home, et al. | § § § § § § | Case Type: **Tort Auto**<br>Date Filed: **09/23/2015**<br>Location: **Bernalillo County**<br>Judicial Officer: **Huling, Valerie** |

---

### PARTY INFORMATION

|  |  |  | Attorneys |
|---|---|---|---|
| **Defendant** | **DOES 1-5** | | |
| **Defendant** | **MetLife Auto & Home** | | |
| **Defendant** | **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY** | | |
| **Minor Child** | Telles, Jacob | | Linda J. R. Rios<br>*Retained*<br>505-232-2298(W) |
| **Minor Child** | Telles, Olivia | | Linda J. R. Rios<br>*Retained*<br>505-232-2298(W) |
| **Plaintiff** | Telles, Joseph, Sr. | | Linda J. R. Rios<br>*Retained*<br>505-232-2298(W) |
| **Plaintiff** | Telles, Michael | | Linda J. R. Rios<br>*Retained*<br>505-232-2298(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 09/23/2015 | **Cause Of Actions**<br>Action Type | Tort: Personal Injury Auto<br>Action |
| 09/24/2015 | **ARB: CERT NOT SUBJECT** | |
| 09/24/2015 | **OPN: COMPLAINT** | |
| 09/25/2015 | **Summons** | |
| | MetLife Auto & Home | Unserved |
| | METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY | Unserved |

---

### FINANCIAL INFORMATION

| | | |
|---|---|---|
| **Plaintiff** Telles, Michael | | |
| Total Financial Assessment | | 132.00 |
| Total Payments and Credits | | 132.00 |
| **Balance Due as of 11/03/2015** | | **0.00** |
| 09/24/2015 | Transaction Assessment | 132.00 |
| 09/24/2015 | File & Serve Payment   Receipt # ALBD-2015-28442   Telles, Michael | (132.00) |

http://opa.nmcourts.gov/CaseDetail.aspx?CaseID=6744956

# EXHIBIT A

Case 1:15-cv-00992-KBM-LF   Document 1-2   Filed 11/03/15   Page 2 of 12

FILED IN MY OFFICE
DISTRICT COURT CLERK
9/23/2015 8:07:16 PM
James A. Noel
Chris Peck

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

JOSEPH TELLES SR., MICHAEL TELLES,
Individually, and as parent and next best friend of
OLIVIA TELLES and JACOB TELLES

      Plaintiffs,

vs.                                         No.    D-202-CV-2015-07476

METLIFE AUTO & HOME,
METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY
and DOES 1-5,

  Defendant.

## COMPLAINT FOR UNDERINSURED MOTORIST BENEFITS

PLAINTIFFS Joseph Telles, Sr. and Michael Telles, individually and as parent and next friend of Olivia Telles and Jacob Telles, by and through their attorney of record, Rios Law Firm, allege:

### I.
### GENERAL ALLEGATIONS

1.    Plaintiff Joseph Telles, Sr., at all relevant times, was a resident of Bernalillo County, State of New Mexico.

2.    Plaintiff Michael Telles, at all relevant times, was a resident of Bernalillo County, State of New Mexico.

3.    At all relevant times, Plaintiffs Olivia and Jacob Telles are the minor children of Michael Telles and residents of Albuquerque, Bernalillo County, State of New Mexico.

4.    Upon information and belief, Shareen Salazar, was an underinsured motorist who was a resident of Bernalillo County, State of New Mexico.

5.    The Defendants, Does 1 through 5, inclusive, are sued under fictitious names, their true names and capacities being unknown at this time to Plaintiffs, who are informed and believe and thereon allege that said Defendants are responsible in some manner for the events and happenings

**EXHIBIT A**

1

referred to herein, and will ask leave of the court to amend this Complaint to show their true names and capacities when the same have been ascertained. At all relevant times each Defendant, including any Defendant(s) fictitiously named, was acting as the owner, agent, servant, insurer, employee, partner, or joint venturer of each other Defendant(s) in doing the things alleged herein, and is responsible, in some manner, for the damages claimed herein by Plaintiffs.

6. On or about September 10, 2011, Plaintiff Michael Telles was operating a 2005 Jeep Cherokee, in a southern direction on Louisiana Blvd. near the intersection with Central Ave., in Albuquerque, Bernalillo County, State of New Mexico.

7. Plaintiffs Joseph, Olivia and Jacob Telles, were passengers in Plaintiff Michael Telles' vehicle.

8. On the above date and time, while driving on Central Ave., Shareen Salazar, underinsured motorist, failed to stop and struck the vehicle driven by Plaintiff Michael Telles with significant force.

9. As a direct and proximate result of the wrongful conduct of the Shareen Salazar, in failing to keep a proper lookout, following too closely, failing to use ordinary care, failing to yield the right of way, failing to pay proper attention and speeding, Plaintiff Michael Telles' vehicle was struck with great force causing injuries and damages to Plaintiffs.

10. At all relevant times, Plaintiff Michael Telles operated his vehicle in a safe and proper manner.

11. Defendant MetLife Auto & Home and/or Metropolitan Property and Casualty Insurance Company (hereinafter "MetLife"), and any subsidiaries or other corporations doing business in New Mexico under the name MetLife is/are foreign corporations conducting business in New Mexico.

12. At all times, Plaintiff Michael Telles was insured under a policy of insurance issued by Defendant MetLife policy number 1914438980.

**EXHIBIT A**

13. At all times material hereto, Plaintiff Michael Telles carried a valid contract of insurance with Defendant MetLife, which included Uninsured/Underinsured Motorist coverage that was in full force and effect at all relevant times.

14. Plaintiff Michael Telles did purchase, for consideration, a policy of insurance with Defendant MetLife, which was in effect on the date of incident.

15. The policy of insurance did insure Plaintiff Michael Telles and Plaintiffs Joseph, Olivia and Jacob Telles against loss or damage in the event they were involved in an automobile collision with an uninsured/underinsured motorist.

16. While the MetLife policy was in full force and effect, Plaintiff Michael Telles notified MetLife of the September 10, 2011, loss and provided all relevant and necessary information to MetLife to cover his losses and damages.

17. At all times Plaintiff has performed his obligations under the MetLife insurance policy.

18. The present dispute between the Plaintiffs and their insurer arises from the contract of insurance and the obligations of Defendant MetLife and the rights of Plaintiff Michael Telles and Plaintiffs Joseph, Olivia and Jacob Telles, thereunder.

19. Defendant MetLife committed acts, which they knew or should have known to result in the deprivation of Plaintiffs' rights and benefits under the policy as alleged herein.

20. All events giving rise to this Complaint occurred in Bernalillo County, State of New Mexico. All causes of action against said Defendnats herein arise directly from their activities conducted within Bernalillo County, State of New Mexico.

21. The Court has jurisdiction over the parties and the subject matter of this action.

22. Venue is proper in this Court.

# EXHIBIT A

## II.
## NEGLIGENCE PER SE

23. Plaintiffs incorporate by reference the previous paragraphs as though fully set forth herein.

24. Shareen Salazar's wrongful conduct in operating her vehicle carelessly, recklessly and negligently, was in violation of numerous traffic statutes of the State of New Mexico including but not limited to: Failure to yield the right of way §66-7-329, NMSA; Failure to exercise due care § 66-7-337, NMSA; Failure to obey traffic laws, § 66-7-3, NMSA; Reckless driving § 66-8-113, NMSA; Careless driving § 66-8-114, NMSA; Speeding, § 66-7-301, NMSA; Vehicles entering stop or yield intersection § 66-7-330, NMSA; Failure to keep proper lookout, §8-2-1-23, Albuquerque City Code; Driver prohibited acts, §8-2-1-24, Albuquerque City Code.

25. Plaintiffs are members of the class of persons sought to be protected by said traffic safety statutes.

26. Shareen Salazar violated said statutes without just cause or excuse.

27. As a direct and proximate result of Shareen Salazar's statutory violations, Plaintiffs suffered those injuries and damages complained of herein.

28. As a further direct and proximate result of the Defendant's wrongful conduct, Plaintiff Michael Telles and Plaintiffs Joseph, Olivia and Jacob Telles did suffer injuries and damages including, but not limited to, emotional and physical injuries, past incurred medical expenses, future medical expenses, property damages, lost wages, loss of life's enjoyment, loss of household services, emotional and physical pain and suffering and incidental damages all to Plaintiffs' great loss in an amount to be proven at trial.

## III.
## CLAIM FOR UNDERINSURED MOTORIST BENEFITS AGAINST METLIFE

29. Plaintiffs incorporate by reference the previous paragraphs as though fully set forth herein.

**EXHIBIT A**

30. At all times pertinent hereto, upon information and belief, Shareen Salazar, was an underinsured motorist, as defined by New Mexico law and as contemplated by the Financial Indemnity policy.

31. At all times pertinent hereto, Ms. Salazar engaged in driving conduct which caused a motor vehicle collision for which coverage under her automobile insurance policy was insufficient to cover Plaintiffs' damages.

32. As a result of Shareen Salazar's underinsured status, and the insurance contract with Defendant MetLife, Plaintiffs are entitled to recover damages incurred as a result of the September 10, 2011 motor vehicle collision from Defendant MetLife under Plaintiff Michael Telles's underinsured motorist coverage provisions of the aforementioned policy.

33. Defendant MetLife should be directed to pay Plaintiffs an amount sufficient to compensate Plaintiffs for their damages resulting from their injuries, losses, and damages caused by the incident made basis of this litigation.

### IV.
### DECLARATORY JUDGMENT AGAINST DEFENDANT METLIFE

34. Plaintiffs incorporate by reference the previous paragraphs as though fully set forth herein.

35. At the time of the events described herein, Plaintiff Michael Telles carried a motor vehicle policy of insurance with Defendant MetLife.

36. The insurance policy issued to and insuring Plaintiff Michael Telles and Plaintiffs Joseph, Olivia and Jacob Telles was a valid and enforceable contract between Plaintiff Michael Telles and Defendant MetLife on the date of the incident made basis of this litigation.

37. Defendant MetLife's insurance policy provided underinsured motorist benefits to Plaintiff Michael Telles and Plaintiffs Joseph, Olivia and Jacob Telles on the date of incident and

**EXHIBIT A**

Plaintiffs are insured beneficiaries of the underinsured motorist coverage provided by contract with Defendant MetLife.

38. The subject accident involving Plaintiffs is an occurrence triggering coverage under the underinsured motorist benefit provisions of the policy written by Defendant MetLife and held by Plaintiff Michael Telles.

39. Plaintiff Michael Telles and Plaintiffs Joseph, Olivia and Jacob Telles made claims for damages with Defendant MetLife in a timely manner, have cooperated with Defendant MetLife in all manners requested, and have otherwise performed all conditions precedent to their right to pursue claims for damages under the underinsured motorist portion of the subject policy stemming from the subject incident.

40. Plaintiffs have provided Defendant MetLife with all relevant information regarding liability and Plaintiffs' damages arising from the subject occurrence and has given Defendant MetLife access to their medical records and billing summaries.

41. Defendant MetLife is disputing, disregarding, failing to investigate or denying aspects of the liability claim, coverage, and conduct coupled with refusing to consider the factual basis for the underinsured motorist coverage claim in violation of Plaintiffs' rights and interests.

42. An actual controversy or dispute has arisen and exists between Plaintiffs and Defendant MetLife as to the determination of their respective rights and obligations under the subject policy of insurance.

43. An actual controversy or dispute has arisen and exists between Plaintiffs and Defendant MetLife as to their rights and obligations under the policy of insurance and the application of coverage in this matter under the facts and circumstances of this case.

44. Said controversies or disputes are subject to resolution by this Court pursuant to the Declaratory Judgment Act Section 44-6-1 et. seq., N.M.S.A.

# EXHIBIT A

## V.
## SPECIFIC PERFORMANCE FOR UNDERINSURED MOTORIST CLAIM AGAINST DEFENDANT METLIFE

45.     Plaintiffs incorporate by reference the previous paragraphs as though fully set forth herein.

46.     MetLife entered into the subject contract of insurance with the Plaintiff Michael Telles wherein it clearly and expressly agreed to provide insurance coverage for losses to their insured caused by an underinsured motorist; Plaintiff Michael Telles, in turn, paid MetLife substantial premiums in consideration for the agreed upon underinsured motorist coverage.

47.     Plaintiffs have now suffered bodily injury, property and other damages as a proximate and direct result of a motor vehicle crash with an underinsured motorist in such amount to be determined at trial.

48.     Plaintiffs Michael Telles and Joseph, Olivia and Jacob Telles performed their end of the bargain and are accordingly now entitled to specific performance of the underinsured motorist insurance contract.  The court should therefore require MetLife to specifically perform such agreement.

49.     As a further direct and proximate result of the Defendant's wrongful conduct, Plaintiff Michael Telles and Plaintiffs Joseph, Olivia and Jacob Telles did suffer injuries and damages including, but not limited to, emotional and physical injuries, past incurred medical expenses, future medical expenses, property damages, lost wages, loss of life's enjoyment, loss of household services, emotional and physical pain and suffering and incidental damages all to Plaintiffs' great loss in an amount to be proven at trial.

## VI.
## BREACH OF CONTRACT

50.     Plaintiffs incorporate by reference the previous paragraphs as though fully set forth herein.

# EXHIBIT A

51.     MetLife breached its contract of insurance with Plaintiffs by:

   a.    failing to promptly and reasonably adjust the claim;

   b.    failing to properly train and or instruct its adjusters, employees and/or agents.

   c.    Failing to provide uniform and/or standard guidelines and/or materials to adjusters and/or agents to properly evaluate claims;

   d.    Failing to provide uniform and/or standard guidelines and/or materials to adjusters and/or agents to properly evaluate claims;

   e.    Failing to timely provide sufficient funds for the injuries and damages sustained by Plaintiff as a result of the collision;

   f.    Failing to promptly adjust and properly pay the fair value for the losses and damages sustained by the plaintiff;

   g.    Any other acts or omissions to be shown at trial on the merits.

## VII.
## NEGLIGENT MISREPRESENTATION

52.     Plaintiffs incorporate by reference the previous paragraphs as though fully set forth herein.

53.     MetLife further breached its contract with Plaintiffs and/or acted negligently by the following actions:

   a.    Failing to respond to verbal requests and correspondence in a timely manner;

   b.    Failing to properly and timely adjust this case consistent with Plaintiff's injuries, medical documentation, damages and losses;

   c.    Placing MetLife's interests above those of their insured;

   d.    Failing to provide any reasonable basis for denying fair and just payment on this claim now months following the incident;

# EXHIBIT A

      e.      Failing to meet its duty owed to plaintiff to engage in good faith and fair dealings; and

      f.      Any other actions or omissions that will establish breach of contract and/or negligence, which will be proven at the trial on the merits.

## VIII.
## UNJUST ENRICHMENT

54.    Plaintiffs incorporate by reference the previous paragraphs as though fully set forth herein.

55.    Despite realizing substantial premiums from Plaintiff Michael Telles, MetLife has withheld the insurance proceeds owed to Plaintiff Michael Telles and Plaintiffs Joseph, Olivia and Jacob Telles for the damages sustained as a result of the collision with the uninsured motorist.

56.    MetLife has therefore been unjustly enriched at Plaintiffs' expense.

WHEREFORE Plaintiffs request relief of this Court against Defendant METLIFE, and each of them, as follows:

1.    For compensatory, exemplary and punitive damages in an amount to be proved at trial.

2.    For all costs incurred in the prosecution of this action;

3.    Declaration and/or Judgment by this Court that the subject policy provides full underinsured motorist insurance coverage for the damages caused by the motor vehicle collision herein stated;

4.    For declaration of this Court as to the respective rights and obligations between Plaintiffs and Defendant METLIFE under the terms of the subject insurance policy, and for Order of this Court that the parties act in accordance with that declaration.

5.    For declaration of this Court as to the respective rights and obligations

# EXHIBIT A

    6.    For pre and post judgment interest on all sums awarded at the statutory rate from the date of Judgment until paid in full;

    7.    Costs incurred in the prosecution of this action;

    8.    For such other and additional relief as the Court may deem proper.

Respectfully submitted,

RIOS LAW FIRM

*/s/ Linda J. Rios, Esq.*
BY: Linda J. Rios
ATTORNEY FOR PLAINTIFF
Post Office Box 3398
Albuquerque, New Mexico 87190-3398
Telephone: (505) 232-2298

# EXHIBIT A

10

FILED IN MY OFFICE
DISTRICT COURT CLERK
9/23/2015 8:07:16 PM
James A. Noel
Chris Peck

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

JOSEPH TELLES SR., MICHAEL TELLES,
Individually, and as parent and next best friend of
OLIVIA TELLES and JACOB TELLES

    Plaintiffs,

vs.            No. D-202-CV-2015-07476

METLIFE AUTO & HOME,
METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY
and DOES 1-5,

    Defendant.

## PLAINTIFF'S CERTIFICATION
## REGARDING ARBITRATION UNDER RULE 2-603

  We, Michael Telles individually and as Parent ansd Next Best Friend of Olivia and Jacob Telles, and Joseph Telles Sr., by and through Linda J. Rios, RIOS LAW FIRM, certify that:

_____ This case is subject to referral to arbitration under Local Rule 2-603. No party seeks relief other than a money judgment and no party seeks an award in excess of $25,000.00 inclusive of punitive damages and exclusive of interest, costs and attorneys' fees.

__X__ This case is not subject to referral to arbitration under Local Rule 2-603 because at least one party seeks relief other than a money judgment and/or at least one party seeks an award in excess of $25,000.00 inclusive of punitive damages and exclusive of interest, costs and attorneys' fees.

  I further certify that the pleadings in this case are closed within the meaning of Guideline 1-5 of the Guidelines to Local Rule 2-603.

              RIOS LAW FIRM

              /s/ Linda J. Rios, Esq.
              BY: Linda J. Rios
              Attorney for Plaintiffs
              Post Office Box 3398
              Albuquerque, N.M. 87190-3398
              Telephone: (505) 232-2298

Original filed with the Clerk of
the District Court and copies served
with the Summons and Complaint.

/s/ Linda J. Rios, Esq.
Linda J. Rios

# EXHIBIT A